IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**STEPHEN R. CORNELIUS,**      CASE NO. 3:21 CV 958

    Plaintiff,

v.      JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Stephen Cornelius seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation (R&R) under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 19). Plaintiff filed objections to the R&R (Doc. 20), and the Commissioner filed a response thereto (Doc. 21). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income on September 22, 2018, alleging a disability onset date of September 22, 2018. (Tr. 13, 204). His claims were denied initially and upon reconsideration. (Tr. 83, 91). Plaintiff and an impartial vocational expert testified at a hearing before an administrative law judge ("ALJ") on December 6, 2019. (Tr. 30-60). The ALJ found Plaintiff not disabled in a written decision on February 5, 2020. (Tr. 10-25). The Appeals

Council denied Plaintiff's request for review and made the hearing decision the final decision of the Commissioner. (Tr. 1). Plaintiff filed the instant action on May 7, 2021. (Doc. 1).

Plaintiff raised a single argument related to the ALJ decision. He argued "[t]he ALJ's RFC determination [was] unsupported by substantial evidence as she failed to properly evaluate the opinion of treating medical source David Cooley, M.D." (Doc. 12-1, at 3).

In her R&R, Judge Armstrong concluded the ALJ applied proper legal standards and reached a decision supported by substantial evidence. She recommends the Court affirm the Commissioner's decision. (Doc. 19, at 19).

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**DISCUSSION**

Plaintiff raises a single objection to the R&R. He argues "[t]he Magistrate Judge's finding that the ALJ properly considered Dr. Cooley's opinion is merely a rubber stamp of the ALJ's decision." (Doc. 20, at 2). Plaintiff argues further that Judge Armstrong's assessment of the ALJ decision as adequately supported by substantial evidence is incorrect because the "ALJ in this case impermissibly relied on a selective review of the record in reaching her conclusion. As such, the ALJ's determination cannot be said to be supported by substantial evidence." *Id.* at 3. Plaintiff supports his contention by pointing this Court to portions of Dr. Cooley's treatment notes the ALJ did not expressly discuss, such as Plaintiff's use of a cane and a back brace, and referral to a pain clinic for chronic lower back pain. *Id.* Plaintiff further directs this Court to February 16, 2018, X-ray records not specifically discussed in the ALJ decision. *Id.*

This Court finds the ALJ properly set out why she found the physician's opinion unpersuasive, and Judge Armstrong correctly found that determination supported by substantial evidence. (Doc. 19, at 13, 15-19). The ALJ noted inconsistencies between Dr. Cooley's October 2018 and June 2018 opinions. (Tr. 22-23). Dr. Cooley opined in June 2018 that Plaintiff could lift up to 25 pounds. (Tr. 22). Dr. Cooley noted in the October 2018 opinion that Plaintiff had good strength in both arms, no foot drop, full strength in his right leg, and four-out-of-five strength in his left leg. *Id.* The ALJ discussed Plaintiff's attendant conditions in the summary of medical evidence, including his use of a cane and back brace, referral to a pain clinic, and X-ray results. (Tr. 20). The ALJ ultimately found Dr. Cooley's October 2018 opinion that Plaintiff could lift no more than 10 pounds occasionally and never more than 20 as inconsistent with the previous opinion and the contemporaneous treatment notes. (Tr. 22-23).

3

Judge Armstrong concluded the ALJ presented substantial evidence in support of her conclusion that Plaintiff could perform a range of light work. (Doc. 19, at 18). This evidence included, *inter alia*, an analysis of the X-ray results, Plaintiff's failure to follow through on Dr. Cooley's pain management recommendation, and his treatment history. *Id.* at 18-19.

Plaintiff's contention the ALJ selectively reviewed and "cherry-picked" evidence is not well taken. (Doc. 20, at 2-3). Although some evidence supports Plaintiff's position that he is more limited, there is "little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). Plaintiff argues the ALJ's failure to explicitly mention the February 2018 X-rays, his use of a cane and back brace, and Dr. Cooley's referral to a pain clinic in the consistency analysis shows the ALJ impermissibly ignored important evidence. (Doc. 20, at 3). The treatment notes show Dr. Cooley was aware of this evidence when he issued his June 2018 limitation opinion that Plaintiff should not lift more than 25 pounds. (Tr. 1289, 1333). Therefore, none of this evidence is responsive to Plaintiff's theory in opposition. The ALJ concluded Dr. Cooley's October 2018 opinion was not persuasive because treatment notes do not identify specific conditions arising after the June 2018 opinion which would warrant more restrictive limitations. (Tr. 22). "An ALJ need not discuss every piece of evidence in the record for the ALJ's decision to stand." *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 195 (6th Cir. 2020). Furthermore, "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence[,]" and "[a]n ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531-32 (6th Cir. 1997).

4

The weighing of the evidence conducted by the ALJ "build[s] a clear bridge between the available evidence and the conclusion that the physician's opinion was not persuasive." *Betz v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 233333, *6 (N.D. Ohio). This Court finds, on *de novo* review, no error in Judge Armstrong's subsequent analysis thereof.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 19) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE